Edward DIAMONTINEY,
Plaintiff–Appellee,
Cross–Appellant,

v.

Robert G. BORG, Defendant–Appellant,
Cross–Appellee.

Nos. 88–1938, 89–15250.

United States Court of Appeals,
Ninth Circuit.

Submitted June 4, 1990.*

Decided Nov. 6, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Constance L. Picciano, Deputy Atty. Gen., Sacramento, Cal., for defendant-appellant, cross-appellee.

Edward Diamontiney, Represa, Cal., pro se.

Before NELSON and TROTT, Circuit Judges, and STEPHENS,** District Judge.

TROTT, Circuit Judge:

The gist of this case is the refusal of staff at Folsom Prison to acknowledge plaintiff Diamontiney's preferred surname:

** The Honorable Albert Lee Stephens, Jr., Senior United States District Judge, Central District of California, sitting by designation.

Diamontiney. Due to this refusal, Diamontiney did not receive mail, including important legal mail from federal district court. Mail sent to him was returned undelivered because it was not addressed to Edward Dreamer, the name under which Diamontiney was first committed to prison. Prison officials claim their refusal was mandated by an unforgiving computer program. As could have been predicted, Diamontiney brought suit pursuant to 42 U.S.C. § 1983, claiming in essence a purposeful denial of access to the courts. In connection with this suit, the district court—after extensive hearings on the issue—granted Diamontiney's request for a preliminary injunction and ordered defendant Borg "to substitute the entry of Diamontiney/Dreamer, C–63046 for Dreamer C–63046 in the mailroom computer program or otherwise insure that plaintiff receives the process of this court."

Later, on October 14, 1988, Diamontiney alleged to the district court that mailroom staff were returning his outgoing legal mail to him with instructions to use his prison commitment name only. He moved that defendants be held in contempt for violating the preliminary injunction. In his opening brief, he states that he provided the district court with three separate exhibits illustrating that defendants returned his mail to him with instructions that he use only his commitment name.

The district court found that defendants had "taken all reasonable steps to ensure plaintiff's access to the courts" in compliance with the previous order, and denied Diamontiney's motion for contempt proceedings. The court noted Diamontiney "does not assert that any mail which was returned to him, based on his use of the name Diamontiney, was again rejected after resubmitting it."

Both parties appeal the interlocutory orders of the district court. Prison warden Robert Glen Borg and his fellow state defendants (collectively referred to as "defendants") appeal the court's order granting

state inmate Edward Diamontiney the preliminary injunction. Diamontiney appeals the district court's subsequent refusal to hold defendants in contempt for allegedly failing to comply with the preliminary injunction. We have jurisdiction under 28 U.S.C. § 1292(a)(1) (1988), and we affirm.[1]

## I

### Standard of Review

■ "Review of a ruling on a motion for a preliminary injunction is 'very limited.'" *Oakland Tribune, Inc. v. Chronicle Publishing Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985) (quoting *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir.1984)). A grant of a preliminary injunction will be reversed only where the district court abused its discretion or based its decision on an erroneous legal standard or clearly erroneous factual findings. *Id.; Dollar Rent a Car v. Travelers Indem.*, 774 F.2d 1371, 1374 (9th Cir.1985).

■ We review for abuse of discretion a district court's decision whether to hold a party in contempt of a court order. *United States v. Grant*, 852 F.2d 1203, 1205 (9th Cir.1988); *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir.1984).

## II

### Preliminary Injunction

"'To obtain a preliminary injunction, a party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor.'" *Oakland Tribune*, 762 F.2d at 1376 (quoting *Apple Computer*, 725 F.2d at 523). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.* Defendants contend the district court incorrectly applied this standard.

#### a. Irreparable Harm

■ Defendants argue that Diamontiney was required to show "actual injury or prejudice to potential or pending litigation." We reject this contention. Rather, as commentators have noted, "the injury need not have been inflicted when application is made or be certain to occur; a strong threat of irreparable injury before trial is an adequate basis." 11 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2948 at 437–38 (1973) (footnote omitted). Requiring a showing of actual injury would defeat the purpose of the preliminary injunction, which is to prevent an injury from occurring.[2]

At the hearing convened to discuss Diamontiney's request of a preliminary injunction, the court expressed frustration with its inability to communicate with him. When the court observed that Diamontiney's motion might be better considered with another pending case (87–1369), defendants' counsel stated that "no defendants have yet been served in that action." The court responded:

> You know why the defendants haven't been served, don't you? Because a letter from the Marshall [sic] to Mr. Diamontiney which contained forms for service was returned by the mail which is presumptively the defendants—that's the situation in that case. I was sorry to see you here this morning, because, frankly, I thought this was sort of a dumb problem when it came up. The difficulty,

---

1. The record reflects that Diamontiney has been released on parole. Because prison mail policies may still have an impact on Diamontiney's correspondence with the courts, we conclude that this appeal is not moot. *See Morales v. Schmidt*, 489 F.2d 1335, 1336 (7th Cir.1973), *aff'd on rehearing en banc*, 494 F.2d 85 (7th Cir.1974).

2. Two of the four cases cited by defendants in support of their contention do not involve preliminary injunctions. *See Hoppins v. Wallace*, 751 F.2d 1161 (11th Cir.1985); *Grady v. Wilken*, 735 F.2d 303 (8th Cir.1984). In *Bach v. Coughlin*, 508 F.2d 303 (7th Cir.1974), the court did not apply the test for determining whether a preliminary injunction should be granted. In the fourth case, *Jones v. Franzen*, 697 F.2d 801 (7th Cir.1983), the conduct complained of had ended 20 months before the issuance of the injunction under appeal.

from where I sit, is not so much that it's impeding Mr. Diamontiney's access to the courts, although that's obviously the claim he has, but the problem is it's impeding my access to Mr. Diamontiney.

The court also expressed some suspicion as to why only Diamontiney, who happened to be suing numerous prison officials, including members of the mailroom staff, should have had this problem?

[V]iewed from the perspective of where this Court is sitting, so far I think we've been quite fortunate in maintaining good, professional communications with most of the prisoners who have litigated in this Court and with your office. Suddenly, without any particular explanation, we start getting a bunch of stuff back here from someone who has been historically quite good about keeping us posted where he is. This is not the situation with all the litigants here, of course. Also, this is apparently the only case in my case load of about seven hundred and fifty cases where this problem developed.

[COUNSEL]: I think he's probably the only one who's litigating under a different name than his commitment name, as far as I know.

THE COURT: No. That's just obviously not true. Look at a bunch of the people who are litigating here. There are a number of people who, for religious reasons, for instance, have taken names which are very different from their birth names and from their commitment names, and which are, at least from my perception, relatively exotic names within my framework of reference.

Under the circumstances, the finding that Diamontiney faced irreparable harm is well supported.

■ Defendants also argue that "[a]ny irreparable harm which the plaintiff might have been in danger of suffering was of the plaintiff's own making" because he did not properly inform the courts of the need to put the name "Dreamer" on correspondence. The district court found, however, that defendants' policy of returning mail marked "Diamontiney," rather than any actions on Diamontiney's part, threatened irreparable harm. As this finding was not clearly erroneous, we uphold it on appeal. *See Dollar Rent a Car,* 774 F.2d at 1374.

#### b. *Success on the Merits*

■ Defendants also contend the district court erred because Diamontiney did not demonstrate probable success on the merits of his underlying civil rights suit. As stated above, the general test envisions an assessment of both the degree of irreparable harm and the probability of success on the merits. *See Oakland Tribune,* 762 F.2d at 1376.

Diamontiney's preliminary injunction motion was considered in conjunction with one of nine cases Diamontiney had pending before the district court. Because the practices challenged by Diamontiney affected Diamontiney's ability to litigate, his preliminary injunction motion could have been considered in conjunction with any of those cases. Under these unusual circumstances, where the preliminary injunction relates to the movant's access to the court, and where the injunction could have been considered in conjunction with any one of numerous cases filed by the movant, we hold the district court did not err by failing to consider the merits of the underlying suit.

We stress, however, that we are *not* reviewing a decision on the merits of Diamontiney's claim regarding his right to use the name "Diamontiney." [3]

### III

#### *Contempt Motion*

##### a. *Jurisdiction*

■ Although district court decisions on civil contempt motions are not generally immediately appealable, we have acknowledged an exception where the appeal is brought "incident to an appeal from a final

---

**3.** As the record indicates, that issue is the subject of another case pending before the district court (87–1369).

order or judgment, including an underlying preliminary injunction." *Dollar Rent a Car,* 774 F.2d at 1376. Since Diamontiney's appeal of the court's contempt determination is closely related to defendants' appeal from the preliminary injunction, we consider them together.

### b. *Merits*

 "In a civil contempt proceeding, the contempt must be proved by clear and convincing evidence." *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.,* 689 F.2d 885, 889 (9th Cir.1982). "[I]f a defendant's action 'appears to be based on a good faith and reasonable interpretation of [the court's order],' he should not be held in contempt." *Id.* (quoting *Rinehart v. Brewer,* 483 F.Supp. 165, 171 (S.D. Iowa 1980)).

The district court found that "defendants have taken all reasonable steps to ensure plaintiff's access to the courts with the court's March 2 order." Diamontiney has failed to demonstrate that this finding is clearly erroneous. In addition, he does not answer the court's finding that all he had to do was resubmit the questioned mail.

Diamontiney's argument that the court should not have relied on the declaration of Mail Room Sergeant Bickford lacks merit, as Bickford was clearly an appropriate source of information on the actions of the mail room staff. Diamontiney does not show how a declaration of the prison warden could have provided the court with any additional relevant information. Although Diamontiney points to a prison statement requiring inmates to use their commitment names on correspondence, it is clear that the prison exempted Diamontiney from this policy after he obtained the preliminary injunction. Finally, Diamontiney's claim that inadvertence does not serve as an excuse for noncompliance with a preliminary injunction fails given the district court's determination that there was no noncompliance.

We hold that Diamontiney has failed to present clear and convincing evidence of defendants' failure to abide by the terms of the preliminary injunction.

### IV

### *Damages for a Frivolous Appeal*

 Diamontiney suggests we sanction defendants for filing a frivolous appeal. An appeal is considered frivolous when "the result is obvious or the appellant's arguments of error are wholly without merit." *McConnell v. Critchlow,* 661 F.2d 116, 118 (9th Cir.1981). As defendants' arguments are not "wholly without merit," Diamontiney's request is denied.

AFFIRMED.