17 F.3d 396
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harold SHAMBURGER, Plaintiff-Appellant,
v.
T. ROSARIO, Lieutenant, California Correctional Facility,
Defendant-Appellee.
 No. 93-16080.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 11, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Harold Shamburger appeals pro se the district court's order denying his request for a preliminary injunction. Shamburger sought an injunction ordering the return of materials allegedly confiscated by prison officials on 25 January 1991, and 3 July 1992. We have jurisdiction pursuant to 28 U.S.C. Sec. 1292. We affirm.
 
 
 3
 A district court's order regarding preliminary injunctive relief is subject to limited review. Senate of California v. Mosbacher, 968 F.2d 974, 975 (9th Cir.1992). The grant or denial of a preliminary injunction will be reversed only where the district court abused its discretion or based its decision on an erroneous legal standard or clearly erroneous factual findings. Id.
 
 
 4
 In order to obtain a preliminary injunction, the moving party must demonstrate either (1) probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in his favor. Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir.1990).
 
 
 5
 With respect to the material confiscated on 25 January 1991, we conclude that the district court did not abuse its discretion in denying injunctive relief as moot.
 
 
 6
 Federal courts lack jurisdiction to decide moot issues. Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985), cert. denied, 475 U.S. 1019 (1986). Generally, a claim becomes moot when "the issues are no longer live or the parties lack a legally cognizable interest in the outcome." Id.
 
 
 7
 Here, Shamburger's counsel reported that the material confiscated on 25 January 1991, had been returned. Thus, Shamburger's request for an injunction ordering the return of the material confiscated on 25 January 1991, is moot. See id.
 
 
 8
 With respect to the material confiscated on 3 July 1992, we conclude that the district court did not abuse its discretion in finding that Shamburger did not demonstrate probable success on the merits.
 
 
 9
 Prison officials are "accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979). Therefore, maintaining institutional security and preserving internal order are essential goals that may require limitation or retraction of a prisoner's constitutional rights. Id. at 546.
 
 
 10
 Here, the materials confiscated on 3 July 1992, were confidential memoranda which clearly identified several inmates in a way that jeopardized their safety. The memoranda did not contain information regarding Shamburger. We conclude that the district court did not abuse its discretion in finding that the prision officials were acting within their discretion when they confiscated the confidential memoranda from Shamburger. See id. Therefore, we conclude that the district court did not abuse its discretion in determining that Shamburger did not demonstrate probable success on the merits of his claim.
 
 
 11
 Moreover, Shamburger sought injunctive relief from individuals who are not parties to his underlying claim. Thus, because his claims have no merit, we conclude that the district court properly concluded that Shamburger did not demonstrate "exceptional circumstances" sufficient to invoke the All Writs Act, 28 U.S.C. Sec. 1651(a).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We construe appellant's letter received on 29 December 1993, as a request for oral argument. So construed, the request is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3