19 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Philip C. MANNING, Defendant-Appellant.
 No. 93-10315.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided Feb. 28, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Philip Charles Manning ("Manning") appeals pro se the district court's denial of his motion to hold Assistant United States Attorney James T. Lacey in civil contempt of court for failure to comply with the district court's order to return Manning's property. Following Manning's conviction by guilty plea for conspiracy to possess marijuana with intent to distribute and possession of marijuana with intent to distribute, the district court granted Manning's motion to recover the property confiscated during his arrest. The Order directed the United States Attorney to "take the necessary action to have the defendant's property returned to him." However, neither Manning's Motion nor the Order specified the property to be returned.
 
 
 3
 Three months after the Order issued, Manning brought a motion for contempt claiming the government had taken no action to return his property. The government responded by stating it complied by returning Manning's personal items not subject to seizure. A copy of a receipt, signed by Manning's attorney, for these items was attached. The government also stated it notified Manning of the seized property (including an airplane, floor safe and a "dolly") both by mail and publication. These items were not claimed and were forfeited to U.S. Customs.
 
 
 4
 Manning responded that he was not properly notified of the seizure prior to forfeiture either directly or through his attorney. He claims, "[T]he government has acted in bad faith throughout this entire matter," and that notification by mail to his home address indicates this "bad faith" because the government knew of his incarceration. Manning included an itemized list and valuation of the property he claims was seized. Manning seeks return of this property or reimbursement for his loss.
 
 
 5
 The district court exercised its discretion and denied Manning's motion for contempt because there was no clear and convincing evidence on the record to show that the U.S. Attorney contemptuously failed to abide by the court's order to return Manning's property. Because the order did not specify the items to be returned, the court only intended to order the return of items to which Manning is legally entitled. Indeed, the district court states that if Manning "believes that he is entitled to compensation ..., his recourse is to seek relief against the United States in an appropriate separate action."
 
 
 6
 Manning now appeals the denial of his motion for contempt and seeks sanctions against Assistant U.S. Attorney James Lacey until he returns Manning's property or Manning is reimbursed for his loss.
 
 
 7
 There is no basis in this record for finding bad faith on the part of the government. The district court thus did not abuse its discretion in denying Manning's motion. Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir.1990).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3