26 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Alexander CHRISTOPHER, Plaintiff-Appellant,
v.
James GOMEZ; B.J. Bunnell; C/O Gaboa; C/O Gabbie C/O
Yoder, Defendants-Appellees.
 No. 93-15100.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1994.*
Decided May 25, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Allen Christopher, a California state prisoner, appeals pro se the district court's denial of his motion for preliminary injunction which was filed in his 42 U.S.C. Sec. 1983 civil rights action. Christopher contends that the district court abused its discretion by finding that neither double-celling him with other inmates, nor delay in his gaining access to the prison law library raised serious legal questions or caused a significant threat of irreparable harm warranting injunctive relief.[1]
 
 
 3
 This court will reverse the grant or denial of a preliminary injunction only where the district court abused its discretion or based its decision on an erroneous legal standard or finding of fact. Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir.1990). This court reviews de novo questions of law underlying a district court ruling on a preliminary injunction motion. Senate of California v. Mosbacher, 968 F.2d 974, 976 (1992).
 
 
 4
 Christopher contends that the district court abused its discretion by denying his motion for a preliminary injunction prohibiting prison officials from housing him in a double cell. This contention lacks merit.
 
 
 5
 To obtain a preliminary injunction, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor. Apple Computer, Inc. v. Formula Int'l, Inc., 725 F.2d 521, 523 (9th Cir.1984). These two tests represent points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases. Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir.1985). "Under any formulation of the test, the plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. Speculative injury does not constitute irreparable injury. Goldie's Bookstore v. Superior Ct., 739 F.2d 466, 472 (9th Cir.1984). A plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief. Caribbean Marine Services Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir.1988).
 
 
 6
 Double-celling inmates is not a per se constitutional violation. Rhodes v. Chapman, 452 U.S. 337, 348 (1981). In order to successfully litigate a section 1983 claim based on conditions of confinement, a prisoner must demonstrate that officials violated the Eighth Amendment by acting with deliberate indifference to the threat of serious harm or injury by another inmate. Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986). While the Eighth Amendment can provide a basis for relief where prison officials are aware of the probability of an attack, prison officials, however, must have more than a mere suspicion that an attack will occur. Id.
 
 
 7
 Here, Christopher cannot demonstrate that double-celling raised a serious legal question or a significant threat of irreparable harm. Christopher's desire to be single-celled stems from his belief that the defendant's are housing him with informants who read his legal papers. Christopher's belief that prison officials are using inmates to "spy" on his various legal activities is speculative and cannot support a finding of irreparable harm. See Goldie's Bookstore, 739 F.2d at 472. Moreover, although Christopher alleges that he is being housed with mentally unstable inmates and homosexuals, he has not presented any evidence that these inmates have threatened him or caused him any harm. Christopher's subjective apprehensions and predictions cannot satisfy his burden of demonstrating an immediate threat of irreparable harm. See id.
 
 
 8
 Furthermore, Christopher cannot demonstrate a probability of success on the merits or the existence of serious legal questions. Single cells are reserved for high risk inmates, and Christopher has not presented any evidence showing that his current or past cellmates have attacked or threatened him. Moreover, Christopher has not alleged that any inmate has threatened him with serious bodily injury. Furthermore, although Christopher alleges that prison officials are housing him with "dangerous inmates" in retaliation for filing numerous legal actions, he has not demonstrated that they have more than a mere suspicion that an attack will occur. See Berg, 794 F.2d at 459. Because Christopher has not demonstrated that the defendants were aware of a threat of serious injury by his cellmates, he does not show a probability of success on the merits. Accordingly, the district court properly denied Christopher's motion for preliminary injunction. See Goldie's Bookstore, 739 F.2d at 472.
 
 
 9
 Christopher also claims the delay in gaining access to the library caused a significant threat of irreparable harm and raised serious legal questions entitling him to preliminary injunctive relief. Because of his classification as a "C" status inmate with limited privileges, Christopher must be escorted to the prison library by custody staff.[2] This sometimes causes a 20-60 minute delay in his reaching the prison law library. Christopher claims that the delay in reaching the library denies him meaningful access to the courts. This contention also lacks merit.
 
 
 10
 Prisoners have a constitutional right of access to the courts which requires prison officials to provide access to an adequate law library or adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). If an inmate does not challenge the adequacy of the law library or legal assistance, he must show that the prison's policies resulted in "actual injury". Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Actual injury is some specific instance in which an inmate was actually denied access to the courts Id.
 
 
 11
 The existence of an adequate law library does not provide for meaningful access to the courts if the inmates are not allowed a reasonable amount of time to use the library. Lindquist v. Idaho State Board of Corrections, 776 F.2d 851, 858 (9th Cir.1985). However, the constitution does not guarantee prisoners unlimited access to the prison library. Id. Prison officials can limit library access by time, place, and manner regulations. Id. "The fact that an inmate must wait for a turn to use the library does not necessarily mean that he has been denied meaningful access to the courts." Id.
 
 
 12
 Here, Christopher does have access to the prison library. The record indicates that Christopher spent approximately 11 hours per week in the library from January 15, 1992 to October 10, 1992. During this time, he filed 15 lengthy motions, objections to rulings, an amended complaint, and notice of appeal. In addition, Christopher submitted a 36-page informal brief, and a 26-page reply brief. All of Christopher's filings contain numerous case citations which reflect the depth of his legal research. Given Christopher's prolific filings, he has not demonstrated how the twenty to sixty-minute delay in entering the prison law library caused a significant threat of irreparable injury. See Oakland Tribune, 762 F.2d at 1376.
 
 
 13
 Moreover, Christopher does not demonstrate a probability of success on the merits or that he has raised serious legal questions. Christopher has not demonstrated that the twenty to sixty-minute delay in gaining access to the law library resulted in an actual denial of access to the courts. The prison law library is open six hours a day, five days a week. Although Christopher must wait for a prison escort, he spends an average of 11 hours a week in the library. Each of Christopher's lengthy motions and objections is coherent and supported by numerous case citations. Because Christopher does not have a constitutional right to unlimited use of the law library, the twenty to sixty-minute library delay does not result in a lack of meaningful access to the courts. Accordingly, the district court did not abuse its discretion in finding that the minor delay did not raise serious legal questions or cause irreparable injury. See Goldie's Bookstore, 739 F.2d at 472; Lindquist, 776 F.2d at 859.[3]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The appellee contends that this court lacks jurisdiction over Christopher's appeal because he failed to file a timely notice of appeal. This contention lacks merit
 A pro se prisoner's notice of appeal is deemed filed when deposited in the prison's mailing system. See Houston v. Lack, 487 U.S. 266, 270 (1988). Here, the notice of appeal was due on September 14, 1992. The magistrate found that Christopher deposited his notice of appeal with prison authorities on September 10, 1992. Accordingly, Christopher timely filed his notice of appeal.
 
 
 [2]
 Christopher is classified as a "C" status prisoner because he refuses to work. "C" status prisoners have limited privileges, and they must be escorted to the prison library by custody personnel
 
 
 [3]
 We decline to address Christopher's contention that the district court's dismissal of his motion for de novo review of his motion to strike violates Article III of the U.S. Constitution. This ruling can be reviewed by this court only upon the entry of final judgment