29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas L. HADSELL, Plaintiff-Appellant,
v.
Manfred MAASS, Superintendent, et al., Defendants-Appellees.
Douglas L. HADSELL, Plaintiff-Appellant,
v.
Manfred MAASS, Superintendent, et al., Defendants-Appellees.
 Nos. 92-36827, 93-35018.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 18, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals Douglas Hadsell, an Oregon state prisoner, appeals pro se the district court's denial of his motions for preliminary injunction which were filed in his 42 U.S.C. Sec. 1983 civil rights action. On September 28, 1992, Hadsell filed a motion for a temporary restraining order requesting an injunction enjoining the defendants from preventing him from voting. Hadsell subsequently filed another motion seeking injunctive relief from various prison practices which allegedly restrict his access to the courts. This court has jurisdiction under 28 U.S.C. Sec. 1292. We review for abuse of discretion, Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir.1990), and we affirm.
 
 Right to Vote
 
 3
 Hadsell contends that the district court erred in denying his motion for preliminary injunction because the restraint on his right to vote raised serious legal questions and posed a threat of irreparable harm. This contention lacks merit.
 
 
 4
 To obtain a preliminary injunction, the moving party must show either (1) likelihood of success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir.1985) (quoting Apple Computer, Inc. v. Formula Int'l, Inc., 725 F.2d 521, 523 (9th Cir.1984). These two tests represent points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases. Oakland Tribune, 762 F.2d at 1376. Under any formulation of the test, the plaintiff must demonstrate the existence of a significant threat of irreparable injury. Goldie's Bookstore v. Superior Ct., 739 F.2d 466, 472 (9th Cir.1984).
 
 
 5
 The Fourteenth Amendment allows states to deprive convicted felons of their right to vote. Richardson v. Ramirez, 418 U.S. 24, 56 (1974); See also Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir.1984) (upholding the constitutionality of the Oregon statute which prohibits felons from voting while imprisoned). In Oregon, convicted felons may not vote if they have been sentenced to a term of imprisonment and that sentence has not been suspended. See Or.Rev.Stat. Sec. 137.281(1)-(3). The right to participate in the franchise is automatically restored when the prisoner's conviction is set aside, or when the prisoner is either discharged or paroled from prison. Id. A sentence of confinement shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail. Or.Rev.Stat. Sec. 138.135. Nevertheless, a defendant remains "sentenced" for purposes of determining whether he may vote. Or.Rev.Stat. Sec. 137.281(3).
 
 
 6
 Here, Hadsell has not demonstrated the likelihood of success on the merits or the existence of serious questions. The state has not suspended Hadsell's sentence, and he has been neither paroled nor discharged from prison. Although Hadsell's sentence has been stayed pending appeal, he is still sentenced for purposes of determining whether he will be prevented from voting. Therefore, under the express terms of Or.Rev.Stat. Sec. 137.281(1)-(3), the state may prohibit Hadsell from exercising the right to vote. Furthermore, Hadsell has not shown that he is in danger of suffering irreparable harm. Because Hadsell failed to demonstrate the possibility of success on the merits and the possibility of irreparable harm, the district court properly denied Hadsell's motion for a preliminary injunction.[1] See Goldie's Bookstore, 739 F.2d at 472.
 
 Access to Courts
 
 7
 Hadsell also contends that the district court erred in denying his motion to enjoin the defendants from (1) closing the prison law library an extra day a week, (2) limiting the amount of carbon paper given to prisoners, (3) refusing to provide photocopies of certain cases, and (4) refusing to provide postage for mailing an unrelated legal document to China. This contention also lacks merit.
 
 
 8
 Prisoners have a constitutional right of access to the courts which requires prison officials to provide access to an adequate law library or adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). If an inmate does not challenge the adequacy of the law library or legal assistance, he must show that the prison's policies resulted in "actual injury". Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Actual injury is some specific instance in which an inmate was actually denied access to the courts. Id. The constitution does not guarantee prisoners unlimited access to the prison library. Lindquist v. Idaho State Board of Corrections, 776 F.2d 851, 859 (9th Cir.1985). Prison officials can limit library access by time, place, and manner regulations. Id. The right of access to the courts includes the right to postage stamps, at state expense, to mail legal documents. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987). Prison officials however, may adopt reasonable postage stamp regulations. Id.
 
 
 9
 Here, Hadsell failed to demonstrate that the closure of the prison law library an additional day each week resulted in actual prejudice. On the contrary, during the four week period in which Hadsell claims to have been denied access to the prison library, he filed, among other things, nine motions, two affidavits, and a notice of appeal. Although Hadsell claims that the closure of the law library resulted in a default judgment in a paternity suit, he has not shown the default was attributable to the one day per week in which the library was closed.
 
 
 10
 Similarly, Hadsell has failed to show that the three page limitation on carbon paper or the refusal to provide free, unlimited photocopying resulted in a specific instance in which he was actually denied access to the courts. In addition, the prison officials' refusal to provide postage for mailing an unrelated legal document to China reflects a reasonable limitation on the right to free postage. Because Hadsell has failed to demonstrate actual prejudice resulting from the prison's policies, he cannot show either a likelihood of success on the merits or the existence of serious legal questions going to the merits. Furthermore, Hadsell has not demonstrated how any of the above policies create a significant threat of irreparable harm. Accordingly, the district court properly denied Hadsell's motion for preliminary injunction.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hadsell's motion for preliminary injunction also fails because there has been no showing that the prison officials have the authority to allow Hadsell to participate in the franchise