46 F.3d 1140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lloyd Carlo DOUGLAS, Plaintiff-Appellant,
v.
Theo WHITE, Warden; et al., Defendants-Appellees.
 No. 94-15746.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 11, 1995.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lloyd Carlo Douglas, a California state prisoner, appeals pro se the district court's denial of his motion for preliminary injunctive relief in his civil rights action. Douglas contends he was denied meaningful access to the courts because the prison law library contains insufficient law books and legal materials and is open too few hours per week. We have jurisdiction under 28 U.S.C. Sec. 1292(a)(1) and we affirm.
 
 
 3
 This court will reverse a district court's denial of a preliminary injunction only where the court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact. Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir.1990). "The [reviewing] court is not empowered to substitute its judgment for that of the [district court]." Big Country Foods v. Board of Educ., 868 F.2d 1085, 1087 (9th Cir.1989) (quotation omitted).
 
 
 4
 To obtain a preliminary injunction, a party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in its favor. Diamontiney, 918 F.2d at 795. These two formulations are not separate tests, rather they represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. Id. Under either formulation, the moving party must demonstrate a significant threat of irreparable harm. Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir.1988).
 
 
 5
 Douglas contends that there is an absolute constitutional right to more hours of access in a better law library than the prison currently offers. This contention lacks merit.
 
 
 6
 It is well established that prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or adequate assistance from persons trained in law. Bounds v. Smith, 430 U.S. 817, 828 (1977). The Constitution, however, does not guarantee a prisoner unlimited access to a law library, and prison officials of necessity must regulate the time, manner, and place in which library facilities are used. Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir.1989). A prison need not provide inmates with a library that results in the best possible access to the courts; rather, the library must meet "minimal constitutional standards." Lindquist v. Idaho St. Bd. of Corrections, 776 F.2d 851, 856 (9th Cir.1985).
 
 
 7
 Here, we conclude the district court examined Douglas' request for injunctive relief under the proper legal standard, and appropriately found that Douglas failed to show the existence of any irreparable harm from the alleged limitations of the law library. See Diamontiney, 918 F.2d at 796. The record also indicates that Douglas was unable to show the likelihood of success on the merits. Id. Douglas did not show that any alleged omission of law books or legal materials "obstructed his access to the courts in any way." Johnson v. Moore, 948 F.2d 517, 521 (9th Cir.1991). Accordingly, the district court did not err by denying Douglas' motion for a preliminary injunction. See Diamontiney, 918 F.2d at 796; Johnson, 948 F.2d at 521.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3