46 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donovan Charles STONER, Plaintiff-Appellant,
v.
Robert MILLER; Ron Angelone; Sherman Hatcher; Charles L.
Wolff, Jr., and Charles & Jane Doe, Defendants-Appellees.
 No. 93-16408.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Jan. 31, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donovan Charles Stoner, a Nevada state prisoner, appeals pro se the district court's denial of his motion for preliminary injunctive relief in his 42 U.S.C. Sec. 1983 action. Stoner contends that prison officials violated his constitutional rights under the First Amendment by denying him vegetarian meals. We have jurisdiction under 28 U.S.C. Sec. 1292(a)(1) and we affirm.
 
 
 3
 This court will reverse a district court's denial of a preliminary injunction only where the court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact. Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir. 1990). "The [reviewing] court is not empowered to substitute its judgment for that of the [district court]." Big Country Foods v. Board of Educ., 868 F.2d 1085, 1087 (9th Cir. 1989) (quotation omitted).
 
 
 4
 To obtain a preliminary injunction, a party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in its favor. Diamontiney, 918 F.2d at 795. These two formulations are not separate tests, rather they represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. Id. Under either formulation, the moving party must demonstrate a significant threat of irreparable harm. Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).
 
 
 5
 Stoner, a member of the International Society for Krishna Consciousness, contends that prison officials have failed to accommodate his religion by providing Stoner with meals which include non-meat substitutes or to remove meat and gravies from his tray prior to serving him, but accommodate Jewish and Muslim prisoners by providing non-pork meals upon request. Defendants state that by regulation, inmates are only provided a special diet if prescribed for a medical reason, no pork products are served to any inmate, and no religious meals are provided. Stoner contends that the district court was required to grant his motion for a preliminary injunction because he alleged infringement of an absolute constitutional right. This contention lacks merit.
 
 
 6
 While allegations of constitutional infringement might be sufficient to presume irreparable harm, Stoner must also demonstrate "a sufficient likelihood of success on the merits of [his] constitutional claims to warrant the grant of a preliminary injunction." Associated Gen. Contractors v. Coalition for Economic Equity, 950 F.2d 1401, 1412 (9th Cir. 1991), cert. denied, 112 S. Ct. 1670 (1992).
 
 
 7
 "Inmates ... have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987) (per curiam). Nevertheless, a prisoner's "free exercise right ... is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." Id. at 197.
 
 
 8
 Here, we conclude the district court examined Stoner's request for injunctive relief under the proper legal standard.[1] See Diamontiney, 918 F.2d at 796; see also Ward v. Walsh, 1 F.3d 873, 876 (9th Cir. 1993), cert. denied, 114 S. Ct. 1297 (1994). Accordingly, the district court did not err by denying Stoner's motion for a preliminary injunction.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Previously, we remanded for the district court to enter findings of fact and conclusions of law regarding its ruling on the preliminary injunction as required by Fed. R. Civ. Pro. 52(a). See Stoner v. Miller, No. 93-16408, Order (9th Cir. July 14, 1994)