53 F.3d 340
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Steve TATAII, Candidate for House 19th at the 1994
Elections, Plaintiff-Appellant,
v.
Benjamin J. CAYETANO, Chief Election Officer and Lt.
Governor of the State of Hawaii, Defendant-Appellee.
 No. 94-17117.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 27, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steve Tataii, a candidate for political office in the State of Hawaii, appeals pro se the district court's denial of his motion for a temporary restraining order and/or a preliminary injunction to halt the 1994 Hawaii general election until Tataii's name could be placed on the ballot or lift the ban on write-in candidates. We have jurisdiction pursuant to 28 U.S.C. Sec. 1292(a)(1). We review for an abuse of discretion. Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir. 1990). We affirm.
 
 
 3
 To obtain a preliminary injunction, the moving party must show either (1) likelihood of success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir. 1985) (quoting Apple Computer, Inc. v. Formula Int'l, Inc., 725 F.2d 521, 523 (9th Cir. 1984)). These two tests represent points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases. Oakland Tribune, 762 F.2d at 1376. Under any formulation of the test, the plaintiff must demonstrate the existence of a significant threat of irreparable injury. Goldie's Bookstore v. Superior Ct., 739 F.2d 466, 472 (9th Cir. 1984). We may reverse the grant of denial of a preliminary injunction only where the district court abused its discretion or based its decision on an erroneous legal standard or clearly erroneous factual findings. Senate of California v. Mosbacher, 968 F.2d 974, 975 (9th Cir. 1992).
 
 
 4
 Here, Tataii challenges the Hawaii statute that prescribes access requirements for nonpartisan primary candidates, Hawaii Revised Statute Sec. 12-41(b). We, however, have held that Hawaii Revised Statute Sec. 12-41 does not violate the First and Fourteenth Amendments. Erum v. Cayetano, 881 F.2d 689, 694-95 (9th Cir. 1989). Thus, the district court did not err in determining that Tataii had little chance, if any, of succeeding on the merits of this claim.
 
 
 5
 Tataii also challenges Hawaii's ban on write-in voting. The Supreme Court, however, has held Hawaii's prohibition on write-in voting "does not impose an unconstitutional burden upon the First and Fourteenth Amendment rights of the State's voters." Burdick v. Takushi, 112 S. Ct. 2059, 2067-68 (1992). Thus, the district court did not err in determining that Tataii had little chance, if any, of succeeding on the merits of this claim.
 
 
 6
 Accordingly, we conclude that the district court did not abuse its discretion by denying Tataii's motion for temporary restraining order and/or a preliminary injunction.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, we deny Tataii's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In his opening brief received in this court on January 17, 1995, Tataii also appealed the district court's denial of his request to proceed in forma pauperis. However, on January 27, 1995, Tataii filed a motion to withdraw his request to proceed in forma pauperis in the district court, and on January 30, 1995, Tataii paid the required filing fee. Therefore, we conclude that this issue is moot