132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Timothy YOUNG, Plaintiff-Appellant,
v.
K.W. PRUNTY, Warden, in his individual capacity; A.
Rippetoe, Associate Warden, in his individual capacity;
Unknown Spergeon, Sergeant; Unknown Jimenez, Officer, in
individual capacity, Defendants-Appellees.
 No. 97-55214.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 18, 1997.
 
 Appeal from the United States District Court for the Southern District of California Napoleon A. Jones, District Judge, Presiding
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Timothy Young, a California state prisoner, appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging violation of his Fourth, Eighth, and Fourteenth Amendment rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 In response to violent altercations between African-American and Hispanic inmates, defendants placed Calipatra State Prison under lockdown. Young contends that conditions-of-confinement imposed during the lockdown violated his constitutional rights.[1]
 
 
 4
 Prison officials' denial of outdoor exercise for the sixty days immediately after the disturbance did not violate Young's Eighth Amendment rights. See Hayward v. Procunier, 629 F.2d 599, 603 (9th Cir.1980); Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.1979). Moreover, in light of prison officials' concern for safety, searching Young, in the presence of female guards, while he was wearing only boxer shorts, did not violate his Fourth or Eighth Amendment rights. See Somers v. Thurman, 109 F.3d 614, 622-23 (9th Cir.), cert. denied, 118 S.Ct. 143 (1997).[2] Insofar as Young submitted evidence that the conditions of the showers and flooding in his cell presented unsanitary conditions in violation of the Eighth Amendment, see Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir.1995), he failed to submit any evidence that the named defendants knew of and disregarded these allegedly unconstitutional conditions of confinement, see Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir.1978). Finally, Young failed to submit evidence establishing that he had a non-frivolous claim concerning appeal of his conviction, a petition for writ of habeas corpus, or the conditions of his confinement dismissed because of his lack of access to the law library. See Lewis v. Casey, 116 S.Ct. 2174, 2178-82 (1996).
 
 
 5
 We conclude that the district court did not err by denying Young's requests for a temporary restraining order and preliminary injunctive relief. See Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir.1990).
 
 
 6
 We also conclude that the district court did not abuse its discretion by denying Young's motion for default judgment against defendant Spergeon. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986).
 
 
 7
 Finally, because there were no exceptional circumstances justifying appointment of counsel, we conclude that the district court did not err by denying Young's motions for appointment of counsel. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, we deny Young's request to appear and argue the merits of the case
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Contrary to Young's assertion on appeal, the district court properly analyzed the challenged conditions of confinement under the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Ingraham v. Wright, 430 U.S. 651, 671 n. 40 (1977)
 
 
 [2]
 Although the Eighth Amendment requires "that prisoners receive food that is adequate to maintain health," see LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir.1993), we cannot conclude that denying Young breakfast on one occasion due to his refusal to submit to a search violates his Eighth Amendment rights. See id
 
 
 [3]
 Because of our disposition of this appeal, we do not the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal