

**FILED**

OCT 09 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: YELLOWSTONE MOUNTAIN CLUB, LLC, <br><br> Debtor, <br> ——————————————— <br> BRIAN A. GLASSER; Trustee of the Yellowstone Club Liquidating Trust, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> TIMOTHY L. BLIXSETH; et al., <br><br> Defendants - Appellants. | No. 14-35159 <br><br> D.C. No. 2:12-cv-00053-SEH <br><br><br> MEMORANDUM[*] |

| | |
|---|---|
| In re: YELLOWSTONE MOUNTAIN CLUB, LLC, <br><br> Debtor, <br> ——————————————— <br> BRIAN A. GLASSER:, Trustee of the Yellowstone Club Liquidating Trust, | No. 14-35160 <br><br> D.C. No. 2:13-cv-00068-SEH |

———————————

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff - Appellee,

v.

TIMOTHY L. BLIXSETH,

Defendant - Appellant.

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted August 5, 2014
Pasadena, California

Before: KOZINSKI, Chief Judge, and PAEZ and BERZON, Circuit Judges.

Appellants Timothy L. Blixseth ("Blixseth"), Casa 20 LLC, and Tamarindo LLC (collectively "Defendants") appeal from the district court's order dismissing as moot their appeal from the bankruptcy court's denial of their motion to vacate a preliminary injunction. Blixseth also appeals the district court's order finding him in civil contempt.

**1.** We affirm the district court's ruling that Defendants' appeal of the bankruptcy court's denial of the motion to vacate is moot. Where a party seeks injunctive relief but "the activities sought to be enjoined already have occurred, and the appellate courts cannot undo what has already been done, the action is moot, and must be dismissed." *Foster v. Carson*, 347 F.3d 742, 746 (9th Cir.

2003); *accord Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978). Defendants' appeal is moot because Blixseth has already violated the injunction by selling the Tamarindo property and we cannot undo the sale.

2.       Defendants argue that their appeal is not moot because, in their view, if we were to vacate the injunction, the finding of contempt would fall with it. It is true that the invalidity of an underlying injunctive order may be raised as a defense in civil contempt proceedings. *Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1142–43 (9th Cir. 2003); *Scott v. Fetzer Co.*, 643 F.2d 670, 675 (9th Cir. 1981). However, here, the bankruptcy court's denial of the motion to vacate was not the order underlying the finding of contempt. Defendants had previously consented to an injunction that would remain in effect until entry of judgment. The order underlying the contempt finding is the order approving continuation of the stipulated injunction. Although the stipulation preserved Defendants' right to challenge the propriety of the injunction, until the court ruled on any such challenge, the injunction remained in force. Defendants do not challenge the validity of the order approving the stipulated injunction. The only order they challenge is the bankruptcy court's denial of their motion to vacate the injunction, an order that was entered <u>after</u> the contemptuous conduct occurred. Whether or not the bankruptcy court erred in that order has no effect on the validity of the

3

contempt finding. Therefore, our review of the order Defendants challenge cannot provide them with any effectual relief, and their appeal from that order is thus moot.

3.      We nonetheless agree with Blixseth that the issues raised in the appeal of the contempt order are "closely related" to the issues raised in the appeal of the motion to vacate, and that the appeal of the contempt order is therefore "incident to" the appeal of the motion to vacate. *Diamontiney v. Borg*, 918 F.2d 793, 796–97 (9th Cir. 1990) (quoting *Dollar Rent A Car of Washington, Inc. v. Travelers Indem. Co.*, 774 F.2d 1371, 1376 (9th Cir. 1985)). We therefore have jurisdiction over the appeal of the contempt order. *Id.*

4.      We reject Blixseth's argument that the sanctions imposed in the contempt order were punitive and that the contempt ruling was therefore criminal in nature. "[A] contempt sanction is considered civil if it is remedial, and for the benefit of the complainant" and criminal if it "is punitive, to vindicate the authority of the court." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827-28 (1994) (internal quotation marks omitted). The district court's contempt order provided for: (1) striking Blixseth's answer; (2) entering default against Blixseth on Count III; (3) deeming admitted the allegations of Count III of the First Amended Complaint; and (4) finding Blixseth liable for the greater of

4

$13,820,139.84 or the value of the Tamarindo property. Notably, the order also required Blixseth to post a bond equal to the greater of the value of the property or $13,820,139.84.[1] If the district court's sanctions truly terminated the case with respect to Count III, there would be no reason to also require Blixseth to post a bond. We therefore construe the district court's order as imposing the terminating sanctions and the bond requirement as alternatives to each other. In other words, Blixseth may avoid the terminating sanctions by posting the bond.

**5.** Construing the district court's order in this manner, the sanctions were remedial in nature. Blixseth's sale of the Tamarindo property substantially impaired the Yellowstone Club Liquidating Trust's ("Yellowstone") ability to obtain any relief on Count III, thereby depriving it of its incentive to litigate its claim. The bond would restore Yellowstone's ability to recover on Count III and is therefore remedial. Alternatively, in the event that Blixseth does not post the bond, the terminating sanctions compensate Yellowstone by eliminating the need for it to expend resources litigating a claim for which it has little chance of obtaining any relief should it prevail. We therefore conclude that the contempt order was civil in

---

[1]The district court further required Blixseth to "account fully for the receipt, use, disposition or transfer of any of the proceeds of the sale of the Tamarindo" property.

nature.  We have reviewed Blixseth's remaining arguments and hold that they are without merit.

**AFFIRMED.**