26 F.3d 130
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven Derrick IRVIN, Plaintiff-Appellant,
v.
Nadim KHAURY, M.D.; S. Shaw, et al., Defendants-Appellees.
 No. 93-16524.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 9, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven Derrick Irvin appeals pro se the district court's order denying Irvin's motion for a preliminary injunction in his 42 U.S.C. Sec. 1983 prisoner civil rights action alleging deliberate indifference to Irvin's serious medical needs. Irvin requested that the district court order corrections officials to provide immediate medical care to treat lumps in Irvin's neck and finger. We have jurisdiction under 28 U.S.C. Sec. 1292, and we affirm.
 
 
 3
 Our review of a ruling on a motion for a preliminary injunction is very limited. Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir.1985). The district court's order granting or denying a preliminary injunction will be reversed only if the district court abused its discretion or based its decision on an erroneous legal standard or clearly erroneous factual findings. Id. The district court may grant preliminary injunctive relief if the moving party demonstrates either probable success on the merits and the possibility of irreparable harm or that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir.1990). Because Irvin is seeking a mandatory preliminary injunction, the district court must deny such relief "unless the facts and law clearly favor the moving party." See Stanley v. University of S. Cal., 13 F.3d 1313, 1320 (9th Cir.1994) (quotation and citation omitted).
 
 
 4
 "Prisoners can establish an eighth amendment violation with respect to medical care if they can prove there has been deliberate indifference to their serious medical needs." Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989). Indifference to medical needs must be substantial. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990) Inadequate treatment due to malpractice or even gross negligence, does not constitute an eighth amendment violation. Id. Mere difference of medical opinion, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989), or mere delay in surgery without more, Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985), does not rise to the level of deliberate indifference.
 
 
 5
 Irvin contends the district court erred in denying his motion for a preliminary injunction. We disagree. In his complaint, Irvin alleged that prison officials were indifferent to his serious medical needs. He claimed that prison officials deliberately exposed him to asbestos fibers without any protective equipment between June 1985 and June 1986. Irvin alleged that as a result of this exposure, he developed a tumor on his neck which was removed in 1987. He further alleged that the tumor reoccurred, and that he was denied further medical attention for this painful ailment. In addition, Irvin alleged that he has a tumor in his finger that remains untreated.
 
 
 6
 Defendants introduced affidavits and medical records demonstrating the following. In 1987, Dr. James Yee, a board certified otorhinolaryngolist, examined Irvin and recommended that the mass in Irvin's neck be removed. Pathological examination of the tissue revealed a pleomorphic adenoma, a nonmalignant mass of unknown etiology. A common explanation for this type of tissue mass is inflammation from recent dental work or pseudo-folliculitis barbae, ingrown facial hair. Both conditions were present in Irvin. Dr. Yee's follow up visits revealed that the mass had substantially decreased, and that there was no recurrent tumor.
 
 
 7
 In 1991, Irvin started to complain to prison medical personnel that the tumor had grown back. Irvin was seen by prison medical personnel numerous times in 1991. Medical records indicate that Irvin was examined at the California Medical Facility (CMF) in August 1992, at which time Irvin refused surgery. Irvin disputed these medical records. Apparently, Irvin declined medical treatment at CMF because he thought that he had to pay for such treatment. In February 1993, Dr. W. Hall, an outside consultant at the CMF Eye, Ear, Nose, and Throat Clinic, prescribed "watchful waiting" as the appropriate treatment for Irvin's neck mass.
 
 
 8
 The lump in Irvin's hand was diagnosed as a ganglion cyst. Ganglion cysts are almost never malignant and are more bothersome than a threat to the patient's physical safety. Irvin's response consisted of submitting essentially the same medical records as were supplied by the defendants.
 
 
 9
 In light of the medical evidence in the record, the district court properly denied Irvin's motion for a preliminary injunction. At most, the evidence before the district court revealed a difference of opinion between Irvin and the examining physicians regarding the tissue mass on Irvin's neck, which is not sufficient to state an eighth amendment claim. See Sanchez, 891 F.2d at 242. Further, the district court properly found based on the paucity of medical information regarding the lump in Irvin's hand, that any harm that Irvin might suffer from further delay in treating his hand was speculative. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir.1988) (speculative injury does not warrant a preliminary injunction).
 
 
 10
 Because Irvin failed to demonstrate either a likelihood of success on the merits on his eighth amendment claim or the possibility of irreparable harm, see Stanley, 13 F.3d at 1320, the district court's order is
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Irvin's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3